In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-2802

NICHOLE LUTZ,

*Plaintiff-Appellant,*

*v.*

FROEDTERT HEALTH INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:23-cv-00974-WED — **William E. Duffin**, *Magistrate Judge.*

ARGUED MAY 19, 2026 — DECIDED JULY 27, 2026

Before BRENNAN, *Chief Judge*, and ST. EVE and KOLAR, *Circuit Judges*.

BRENNAN, *Chief Judge*. Nichole Lutz sued her employer, Froedtert Health, for failing to pay her overtime and holiday wages in violation of the Fair Labor Standards Act (FLSA) and Wisconsin law. After several amended complaints, the district court granted summary judgment to Froedtert, denied Lutz's motion for reconsideration, and dismissed the case with prejudice. Froedtert correctly paid Lutz overtime compensation

at a rate exceeding 1.5 times her regular pay rate under 29 U.S.C. § 207(a)(1), and it properly excluded holiday premiums from regular rate calculations under Wisconsin law and as provided by 29 U.S.C. § 207(e)(6). So, the district court's decision is affirmed.

**I**

Lutz worked as a Sterile Processing Technician for Froedtert Health. Froedtert pays its hourly employees using different approaches, depending on when the employee works. Employees receive an increase in hourly pay—known as a shift differential—if the majority of the hours in the shift occur during the second shift (which starts at 3 p.m.) or after the third shift (which starts at 11 p.m.). If they work on weekends, they receive weekend differential pay for those hours. And if employees work additional hours or pick up extra shifts, they qualify for Froedtert's "Extra Pay" program with increased pay rates for those hours. Finally, employees earn bonuses for the hours they are on-call.

When Froedtert calculates an employee's regular rate of pay, it incorporates three of these increases—the Extra Pay increases, shift differentials, and weekend differentials. But it does not include holiday pay premiums.

Both parties agree that Froedtert correctly calculated the regular rate of pay. It divided the total weekly compensation (including shift and weekend differentials and Extra Pay, but not on-call pay or holiday pay) by the total number of hours worked during the week. Froedtert then calculated an overtime premium. To do so, it multiplied half the regular rate by the number of hours worked over 40. Overtime compensation was then added to total weekly compensation.

For example, take an employee earning a base (or straight-time) rate of $20 an hour with a $2 shift differential. If that employee works 50 hours total—30 at the base rate and 20 at the shift-differentiated rate—he would earn $600 ($20 multiplied by 30) for his straight-time hours and $440 ($22 multiplied by 20) for his shift differential hours. After dividing his total regular rate compensation ($1,040) by the hours worked (50), he would earn a regular rate of $20.80. Under Froedtert's method, the employee would receive an additional overtime premium of $104 (one-half of $20.80 multiplied by the 10 over-time hours). This results in a total compensation of $1,144.

This class action arises from a two-part dispute. The first concerns Froedtert's overtime compensation methodology. The second considers whether Froedtert's holiday pay calculation complied with federal and Wisconsin law. Lutz and other claimants argue Froedtert improperly credited regular-rate compensation towards overtime premiums and wrongly excluded holiday pay from regular rate calculations. Froedtert responds that its methodologies are consistent with the FLSA and state law because they ensure all employees receive overtime compensation at a rate exceeding 1.5 times their regular rates.

Lutz and other similarly situated plaintiffs were certified as a class. The district court granted summary judgment for Froedtert on class-wide claims related to overtime compensation and holiday pay. It concluded that the FLSA authorizes the type of "crediting" Lutz alleges exists in Froedtert's overtime rate calculations. The court also determined that the FLSA statutorily excluded the holiday pay in question from regular rate calculations under § 207(e)(6).

Lutz then moved for reconsideration, arguing the court erred on her overtime compensation and holiday pay claims. The district court denied her motion, concluding that its decision relied on a logical interpretation of the FLSA and was consistent with controlling precedent. In response, Lutz filed a stipulated motion for leave to file a third amended complaint. The court granted her motion but dismissed Lutz's entire action with prejudice because the court had granted summary judgment to Froedtert on the claims advanced in the third amended complaint. Lutz timely appeals.

## II

We review a grant of summary judgment de novo, construing the evidence and drawing inferences in the nonmoving party's favor. *Lewis v. Ind. Dep't of Transp.*, 173 F.4th 876, 882 (7th Cir. 2026) (citation omitted). "The moving party is entitled to summary judgment if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)).

### A. Proposed Methodologies for Overtime Compensation

Under the FLSA, an employee must receive overtime pay at "one and one-half times the regular rate at which he is employed" for any hours worked beyond the 40-hour workweek. 29 U.S.C. § 207(a)(1); *Walters v. Pro. Lab. Grp., LLC*, 120 F.4th 546, 549 (7th Cir. 2024) (citation omitted). The regular rate "include[s] all remuneration for employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e). But certain payments are excluded from calculating the regular rate for overtime compensation. *Id.* (e)(1)–(7); 29 C.F.R. § 778.108. To calculate the regular rate, the employee's total remuneration (except statutory exclusions) in any workweek is divided by

the total number of hours worked during that workweek. 29 C.F.R. § 778.109. Any bonuses that are not statutorily excluded under § 207(e) are included in the regular rate. Shift differentials, like those at issue here, are included among these bonuses or premiums. 29 C.F.R. § 778.207(b). The pay calculations go as follows:

- **regular rate** = (total remuneration − statutory exclusions) ÷ total hours

- **overtime compensation** = 0.5 x regular rate x (total hours − 40)

- <u>**total compensation**</u> = total regular rate remuneration + overtime compensation

The Department of Labor (DOL) provides more guidance on calculating pay for employees receiving shift differentials. *See* DOL Fact Sheet #56C: Bonuses under the Fair Labor Standards Act (FLSA) (December 2019). First, the total number of hours is multiplied by the base rate. *Id.* Then, the shift differential hours are multiplied by the shift differential. *Id.* Those two amounts are added to any additional bonuses and premiums (minus any statutory exclusions) and that sum is divided by the total number of hours worked. *Id.* That sets the regular rate for the workweek. *Id.*; *see also* Appendix Table A. Froedtert says its methodology is consistent with this guidance from the DOL.

Lutz proposes a different methodology. She submits that overtime should be calculated by isolating the total amount earned during the first 40 (non-overtime) hours worked during a week (including shift differentials and weekend bonuses) and then adding 1.5 times the regular rate for each overtime hour worked.

Here are the differences in overtime compensation using Lutz's pay from the week of April 21 to April 27, 2023:

**Froedtert's methodology:**

The first step is to calculate the regular rate of pay by dividing the total remuneration by the total hours worked during the week.

|                      | Hours | Rate    | Total      |
|----------------------|-------|---------|------------|
| 1st Shift            | 7.05  | $22.55  | $158.98    |
| 2nd Shift            | 43.5  | $24.55  | $1,067.93  |
| Weekend Differential | 7.05  | $01.75  | $12.34     |
| Extra Pay Units      | 34.5  | $11.00  | $379.50    |
|                      |       |         | **$1,618.74** |

So, the formula is:

- Total Remuneration ÷ Total Hours Worked = **Regular Rate of Pay**
  - $1,618.74 ÷ 50.55 = $32.02

Excluding overtime premium and on-call pay, Lutz received $1,618.74 for the workweek of April 21 to April 27, 2023. She worked 50.55 hours this week. This yields a regular rate of pay of $32.02 per hour.

The second step is to calculate the overtime compensation and use it to calculate the total compensation. This is where the parties dispute the methodology. Froedtert's formula is:

- **Overtime Compensation** = Overtime Hours x Regular Rate x 0.5
  - 10.55 x $32.02 x 0.5 **= $168.91**

|                                       | Sum         |
| ------------------------------------- | ----------- |
| Total Regular Rate Remuneration       | $1,618.74   |
| Overtime Compensation                 | $168.91     |
| On-Call Pay                           | $123.00     |
| **Total Compensation**                | **$1,910.65** |

- **Total Compensation** = Total Remuneration + Overtime Compensation + Nondiscretionary Bonus
  - $1,618.74 + $168.91 + $123 = **$1,910.65**

Froedtert and the DOL's methodology would result in Lutz receiving an overtime compensation of $168.91. Added to her regular rate remuneration and nondiscretionary bonus (the on-call pay), she received the $1,910.65 as shown on her pay stub for the week of April 21 to April 27, 2023.

### Lutz's methodology:

Lutz claims her pay should be calculated differently. Her methodology differs mainly because it splits the total hours between those worked during the first 40 hours of the week and those worked as overtime. She agrees with Froedtert that her regular rate of pay for the relevant workweek was $32.02. But when calculating her total compensation, she separates the first 40 hours from the overtime hours. So rather than use a 0.5 multiplier like Froedtert and the DOL, she uses a 1.5 multiplier (to the overtime hours multiplied by the regular rate) to calculate her overtime compensation. She then adds this overtime compensation to the non-overtime hour compensation to calculate the total.

To Lutz, her overtime compensation should be $506.72 (10.55 overtime hours multiplied by 1.5 times her regular rate of $32.02). Her non-overtime compensation would be $1,280.80 (40 hours multiplied by $32.02.). But Lutz earned $1,359.74 for her first 40 hours. So under Lutz's method, Froedtert paid her $78.94 more than required ($1,359.74 instead of the $1,280.80 calculated by multiplying her regular rate of $32.02 by 40). Lutz claims Froedtert "count[ed]" this $78.94 towards her overtime compensation. This resulted in her receiving an overtime rate of $40.56, instead of $48.03, which is 1.5 times her regular rate.

Lutz does not state how much pay she would be entitled to under her method. Rather, she criticizes Froedtert's methodology as "assum[ing she] already received the regular rate for each overtime hour worked." This, she claims, is prohibited under the FLSA, "under which it must be possible for an employee to receive overtime pay equal to less than 1.0 times the regular rate." Lutz relies on 29 U.S.C. § 207(h)(2), which authorizes employers to credit certain extra bonuses from § 207(e)(5)–(7) toward the overtime compensation. So, she continues, "[t]o give effect to Congress' [1949] amendment to § 207(h)(2) … it must be possible for an employer to credit" certain premiums and bonuses "towards the portion of overtime compensation equal to 1.0 times the regular rate." To Lutz, Froedtert's approach does not check whether premiums are included in the remuneration that is used in the regular rate calculation.

### B. Compliance with 29 U.S.C. § 207

Despite Lutz's arguments, Froedtert's two-step overtime calculations comply with 29 U.S.C. § 207. First, Froedtert calculated the regular rate by dividing the total remuneration

paid in a workweek by the total number of hours. Then, it multiplied the overtime hours by 0.5 the regular rate to calculate the overtime premium. This methodology is well within § 207's requirements for overtime pay to be at least 1.5 times regular pay.

Two other courts have also confirmed the methodology Froedtert employed as FLSA-compliant. The Court of Federal Claims determined the regular rate as "the effective rate of pay for every hour worked, including the ones in excess of forty." *Delpin Aponte v. United States*, 116 Fed. Cl. 5, 19 (2014), *aff'd*, 620 F. App'x 960 (Fed. Cir. 2015). This approach, as laid out by DOL rules, "require[s] adding one-half times the regular rate of pay for the number of overtime hours worked in a week, once the regular rate has been accurately calculated." *Id.* at 21. The court also gave both the consistency and longstanding nature of the DOL's methodology "substantial weight." *Id.* at 14. And Congress likely was aware of the DOL's interpretation of FLSA overtime provisions because subsequent FLSA amendments "have been consistent with the aggregate approach" adopted by the Supreme Court. *Id.* at 21 (citing *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 464 (1948) (holding that "Congress intended the regular rate of pay to be found by dividing the weekly compensation by the hours worked," but excluding "overtime premium")). So the court determined that this aggregate approach was the most reasonable interpretation of 29 U.S.C. § 207(a)(1). *Id.*

Similarly, the Tenth Circuit concluded that an employer's decision to pay straight time for all hours and "an additional one-half straight time on overtime hours" did not violate the FLSA. *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1313 (10th Cir. 2011). To be sure, it also concluded that a methodology

similar to Lutz's—"straight time for non-overtime hours and one and one-half straight time on overtime hours"—would lead to the same overtime compensation. *Id.* But that case did not involve shift differentials that would cause the two methodologies to result in different overtime compensations.

In analyzing the FLSA's overtime requirements, *Chavez* held that while DOL interpretations are not controlling, they do "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Id.* at 1308 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). *Chavez's* application of *Skidmore* is particularly relevant because it remains the main administrative-deference standard left open after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394 (2024). Some circuits have remained split on the application of *Skidmore* deference. *See Lopez v. Garland*, 116 F.4th 1032, 1036, 1039 (9th Cir. 2024) (giving agency interpretations their "due respect"); *but see Mayfield v. U.S. Dep't of Lab.*, 117 F.4th 611, 619 (5th Cir. 2024) (questioning the applicability of *Skidmore* deference as persuasive authority because an agency's interpretation is either the best (requiring no deference) or not the best (thus lacking persuasive force)). But this court has not opined either way.

Even absent any agency deference, we conclude that Lutz's proposed methodology is incorrect. The FLSA does not allow an employer to credit premium payments against what Lutz calls "overtime compensation equal to 1.0 times the regular rate." "Section 7(h) … specifically states that the extra compensation provided … may be credited toward overtime compensation due under section 7(a) for work *in excess of* the applicable maximum hours standard." 29 C.F.R. § 778.201(c) (emphasis added); *see also* 29 U.S.C. § 207(h)(2*). "No other

types of remuneration for employment may be so credited." 29 C.F.R. § 778.201(c). Further, when pay rates have been set, parties cannot lawfully agree to set a lower base (or regular) rate from which overtime compensation is calculated. *See* 29 C.F.R. § 778.316. And "overtime compensation due" refers to "the statutory overtime premium required to be paid for the … hours worked over 40." 29 C.F.R. § 778.205; *see also id*. § 778.201(c). Regardless, Lutz did not make this argument before the district court, so it is waived on appeal. *Bradley v. Village of University Park*, 59 F.4th 887, 897 (7th Cir. 2023).

There are several problems with Lutz's suggestion to segregate non-overtime hours from overtime hours in regular rate calculation. This becomes apparent when accounting for employees earning shift differentials. Lutz's methodology would include shift differential pay only if the hours were within the first 40 of the workweek. Compare the two employees from Table C in the Appendix. Because Employee B worked some of his shift differential hours during his overtime period, the shift differential is not fully included within the first 40 hours, and he therefore does not receive his shift differential for those hours. Meanwhile, all of Employee A's non-overtime hours were shift differentiated so he would receive the full shift differential for each hour used in the regular rate calculation. This results in a pay discrepancy between employees who worked the same number of hours, including the same number of shift differential hours. *See* App. Tables C (illustrating the difference in non-overtime regular rate compensation) and D (showing the difference in overtime and total compensation between employees working shift-differentiated hours during different parts of the week).

The only difference between Employee A and Employee B is when they worked their shift differential hours. Employee A worked his shift differential hours at the beginning of the workweek. By contrast, Employee B worked the shift differential hours at the end of the workweek, some of which were during his overtime period. Froedtert and the DOL's methodology would result in both employees receiving the same pay. *See* App. Table B. But Lutz's methodology would not. *See* App. Tables C and D.

Pointing to *Reich v Interstate Brands Corp.*, 57 F.3d 574 (7th Cir. 1995), Lutz submits we "should not adopt an interpretation of the FLSA" that circumvents § 207(h)(2) by including a portion of premium payments (such as shift differentials) toward overtime compensation. But *Reich* examined whether a credit paid to employees who did not receive two consecutive days off was within the scope of the exclusion in § 207(e)(2). 57 F.3d at 576. It expressly limited its holding to its interpretation of § 207(e)(2). *Id.* at 579. *Reich* did not discuss § 207(h)(2). That statute does not prohibit Froedtert from including the premium payments into their regular rate calculations. And if Lutz wanted her overtime shift differential hours calculated separately, she and Froedtert must have agreed to it before she began her work. *See* 29 U.S.C. § 207(g) (providing a limited exception for calculating overtime rates when employees receive different pay rates for two different kinds of work).

Froedtert is not classifying straight time pay as encompassing overtime compensation. Rather, it is paying the regular rate for the total number of hours worked. Then, it pays additional overtime compensation, calculated by multiplying 0.5 the regular rate by the number of overtime hours. So, the

overtime compensation is paid out—it is just added to the straight time pay for the total hours worked. This methodology is consistent with the text of the FLSA, which requires employees to receive overtime "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

### C. Overtime Compensation Under Wisconsin Law

Wisconsin law requires employers to pay one and one-half times the regular rate to nonexempt employees for hours in excess of 40 hours a week. *See* WIS. STAT. § 103.02; WIS. ADMIN. CODE § DWD 274.03. But Wisconsin statutes do not explain how to calculate regular pay rates. *See generally* WIS. ADMIN. CODE § DWD 274. Yet the statutory language—"regular rate" and overtime compensation based on a rate "at least one and one-half times the regular rate[]"—follows the FLSA and DOL regulations. *See* WIS. STAT. § 103.02; WIS. ADMIN. CODE § DWD 274. When "Wisconsin administrative regulations at issue here are substantially similar to federal regulations, federal cases may assist in our analysis." *UFCW Union, Loc. 1473 v. Hormel Foods Corp.*, 876 N.W.2d 99, 109 (Wis. 2016).

When determining regular rates and overtime for a salaried employee working a fluctuating workweek, the Wisconsin Court of Appeals upheld the DWD's methodology that mirrored the FLSA's approach in *Kuhnert v. Advanced Laser Machining, Inc.*, 794 N.W.2d 805, 809–11 (Wis. Ct. App. 2011). Lutz provides no support for an interpretation of Wisconsin's wage statutes different than the FLSA. So, Froedtert's methodology for its overtime calculation is consistent with Wisconsin law.

Lutz's other arguments concerning the timely payment of wages are not relevant to the issue of calculating overtime compensation. They are also waived because they are newly raised on appeal. *Bradley*, 59 F.4th at 897.

### III

Lutz next challenges Froedtert's calculation of holiday pay under federal and Wisconsin law.

### A. Holiday Pay Under the FLSA

Froedtert properly excluded holiday pay when determining Lutz's regular rate of pay. Regular rate calculations include all remuneration for the workweek except for those statutorily excluded by § 207(e). Holiday premiums are one of these exceptions, if they are paid at a rate one and one-half times the bona fide rate "for like work performed in nonovertime hours on other days[.]" 29 U.S.C. § 207(e)(6).

There are two categories of employees for holiday pay calculations. First are salaried employees on "a fixed workweek or at a single hourly rate of pay." 29 C.F.R. § 778.203(a). These employees receive pay for "special days" that is "at least time and one-half [their] regular hourly rate." *Id.* Second are "pieceworker[s]" or employees who "work[] at more than one job for which different hourly or piece rates have been established." *Id.* For these employees, the extra compensation may be statutorily excluded from regular rate calculation under two circumstances. *Id.* This compensation must be either "one and one-half times … (1) the bona fide rate applicable to the type of job the employee performs on the 'special days', or (2) the average hourly earnings in the week in question." *Id.* (citation modified).

Lutz argues she and similarly situated plaintiffs are in the first category. Meanwhile, Froedtert asks us to confirm the district court's decision to place Lutz in the second category. Froedtert is correct. There is no need to calculate a "regular rate" for first-category employees because they earn a "single hourly rate of pay." 29 C.F.R. § 778.203(a). But second-category employees do need such a calculation because they have different pay rates for different parts of the workweek. This is "the more logical reading of the statute," *United States v. Johnson*, 875 F.3d 360, 369 (7th Cir. 2017), and the district court did not err in so concluding.

Even so, the category used to identify Lutz's employment does not matter. Froedtert did not violate the FLSA because the holiday pay exceeded both 1.5 times her straight time pay (which would not even apply here) and 1.5 times her bona fide rate.

Class member Laura Arena earned a straight time rate of $32.24 per hour and a shift differential of $3. So, her bona fide rate was at most $35.24. This would require her to receive 1.5 times that rate, at least $52.86 per holiday hour. Because she earned $62.53 per holiday hour, she was paid a holiday rate at least 1.5 times her bona fide rate. So, her holiday pay can be statutorily excluded from regular rate calculations. *See* 29 U.S.C. § 207(e)(6).

Lutz's approach uses an incorrect regular rate for Arena. Before calculating the regular rate, it is necessary to determine whether the holiday pay should be statutorily excluded based on the bona fide base rate. *See* 29 U.S.C. § 207(e)(6). If the holiday rate is at least 1.5 times the bona fide rate, it may be excluded from regular rate calculations. *See id*.

But if Lutz's proposed methodology by including the holiday pay in bona fide rate calculations is used, then a problem arises that the Supreme Court has sought to avoid. *See Bay Ridge*, 334 U.S. at 464. If, as Lutz submits, holiday premiums are required to be included in calculating the regular rate, the employer would have to add the overtime (and holiday) premium to the regular rate to determine the new overtime premium. Then, this new premium is added again to the updated regular rate calculation to create an additional overtime premium. This pyramiding issue would result in a never-ending recalculation of the regular rate:



The Supreme Court recognized this problem in *Bay Ridge*. There, it adopted the DOL's methodology to determine overtime compensation: "statutory excess compensation … [is] an additional sum equal to the number of hours worked for one employer in a workweek in excess of forty, multiplied by one-half the regular rate of pay." 334 U.S. at 476–77. Including overtime premiums in regular rate calculations would create "a pyramiding that Congress could not have intended." *Id.* at 464.

Similarly, holiday pay cannot be included to calculate the bona fide rate used to determine whether that same holiday pay should be excluded from the regular rate calculation. The

bona fide rate must be multiplied by 1.5 to set the floor for the holiday rate. 29 U.S.C. § 207(e)(6). If the holiday pay rate exceeds this number, it may be statutorily excluded from the regular rate calculation. *See id*. But this step must be undertaken before including holiday pay in regular rate calculations. Lutz cannot bypass this step without creating a pyramiding problem.

Froedtert complied with 29 C.F.R. § 778.203(a) because the plaintiffs are in the second category of employees. And Froedtert's holiday pay met 29 U.S.C. § 207(e)(6)'s requirements because $65.23 is greater than $52.86 (1.5 times her bona fide pay rate of $35.24 for "nonovertime hours on other days").

### B. Holiday Pay Under Wisconsin Law

The Wisconsin Supreme Court has interpreted the FLSA's regular rate as "the regular hourly rate of the employee's nonovertime compensation." *Katchel v. N. Engraving & Mfg. Co.*, 25 N.W.2d 431, 435 (Wis. 1946). Yet, Wisconsin wage laws do not recognize holiday premium pay as overtime pay. *See generally* WIS. ADMIN. CODE § DWD 274. And they do not expressly provide for calculating regular rates or overtime pay. This lack of guidance, Lutz argues, shows that Wisconsin wage laws do not incorporate § 207(e)(6)'s holiday pay exception.

But Wisconsin courts interpret the state's wage and hour laws in a manner consistent with the FLSA and other applicable federal laws. *Madely v. RadioShack Corp.*, 742 N.W.2d 559, 564 (Wis. Ct. App. 2007); *see also Musch v. Domtar Indus., Inc.*, 587 F.3d 857, 859 (7th Cir. 2009) (looking to the FLSA to construe the definition of compensable work under Wisconsin

law). Any guidance from Wisconsin comes from the frequently asked questions listed on the DWD's website.[†] Although Froedtert points to this website to support its assertion that holiday premiums are not included in regular rate calculations, this source has no authority. It is neither a promulgated rule nor the "outcome of administrative adjudication." *Van Straaten v. Shell Oil Prods. Co.*, 678 F.3d 486, 488 (7th Cir. 2012).

In any event, a plain reading of "regular rate[]" under Wis. Stat. § 103.02 further buttresses the exclusion of holiday premiums from regular rate calculations. Wisconsin courts employ ordinary principles of statutory construction, beginning "and, absent ambiguity," confining analysis to the statute's text. *Fuchsgruber v. Custom Accessories, Inc.*, 628 N.W.2d 833, 837 (Wis. 2001). The ordinary meaning of "regular rate" implies the existence of non-regular, or special rates. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 107 (2012) (describing the negative-implication canon). So, Wisconsin Statute § 103.02 cannot be read to include both regular and holiday pay rates.

Even if Wisconsin law does not follow the FLSA and DOL, it would be impossible for employers to comply with holiday premium requirements because of the pyramiding problem. *See Bay Ridge*, 334 U.S. at 464. They would be constantly re-adding holiday pay into regular rate calculations. Wisconsin statutes and regulations are silent on whether to include holiday premium pay in regular rate calculations. At bottom, we

---

[†] Wis. Dep't of Workforce Dev., *Hours of Work and Overtime Frequently Asked Questions*, https://dwd.wisconsin.gov/er/laborstandards/overtimefaq.htm.

should follow the FLSA and DOL's approach to avoid an absurd outcome.

### C. Certification to the Wisconsin Supreme Court

Lutz also asks that, if we are uncertain about whether holiday premiums are excluded from regular rate calculations under Wisconsin law, the question could be certified to the Wisconsin Supreme Court. This court can "certify state-law questions to a state supreme court when the answer will control the outcome of a case and the state court accepts such certifications." *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1165 (7th Cir. 2021); 7th Cir. R. 52(a). The answer to the state-law question must be "genuinely uncertain," and the question must be "general and likely to recur" as well as one regularly interpreted by federal courts. *Cothron*, 20 F.4th at 1166 (citation omitted).

There is little, if any, reason to ask the Wisconsin Supreme Court to accept a certified question here. There is no genuine uncertainty or serious doubt that the Wisconsin Supreme Court would interpret Wisconsin wage laws inconsistently with the FLSA by excluding holiday pay from regular rate calculations. Moreover, there are several other hurdles Lutz must clear before her challenge can succeed, so certifying this question would not necessarily change the outcome of this case. The best use of judicial resources is for us to decide this case without asking the Wisconsin Supreme Court to answer that question.

\*          \*          \*

Lutz does not provide persuasive authority to support her proposed overtime or holiday pay methodologies under either the FLSA or Wisconsin law. Froedtert complied with

both laws in its calculations. The district court correctly granted summary judgment to Froedtert and denied Lutz's motion for reconsideration. And because the district court was correct on the merits, we also deny Lutz's motion to certify.

AFFIRMED

**Table A:**

Compensation for an employee who worked 45 hours and was paid $15 an hour with a shift differential of $1 per hour. DOL Fact Sheet #56C Ex. B.

| FLSA Compensation: Shift Differential Plus Nondiscretionary Bonus | |
|---|---|
| $15 per hour (straight time rate) x 45 hours | $675 (straight time compensation) |
| $1.00 (shift differential) x 30 hours = $30 | $30 (shift differential compensation) |
| $675 + $30 (shift differential compensation) + $100 (bonus) | **$805** (total regular rate compensation) |
| $805 (regular rate compensation) ÷ 45 hours | $17.89 (regular rate) |
| $17.89 (regular rate) x .5 | $8.95 (half time premium pay rate) |
| $8.95 x 5 overtime hours | **$44.75** (overtime pay due) |
| $805 + $44.75 | **$849.75** (total due) |

**Table B:**

| Comparison of Two Employees Who Work Shift Differential Hours at Different Ends of the Workweek (Froedtert/DOL's methodology) | | |
|---|---|---|
| | *Employee A* (non-shift differentiated hours at beginning of week) | *Employee B* (non-shift differentiated hours during overtime period) |
| Total hours | 50.55 | 50.55 |
| Straight time rate | $22.55/hr | $22.55/hr |
| *straight pay* | *$1,139.90* | *$1,139.90* |
| shift differential hours | 43.5 | 43.5 |
| Shift-differential rate | $2/hr | $2/hr |
| *shift differential pay* | *$87* | *$87* |
| Weekend differential Pay | $12.34 | $12.34 |
| Extra Pay | $379.50 | $379.50 |
| **Total regular pay** | **$1,618.74** | **$1,618.74** |

**Table C:**

| Regular Rate Calculation Using Lutz's Methodology | | |
|---|---|---|
| | *Employee A* | *Employee B* |
| Non-OT hours | 40 | 40 |
| Straight time rate | $22.55/hr | $22.55/hr |
| *straight pay* | *$902* | *$902* |
| non-OT shift differentiated hours | 40 | 32.95 |
| Shift-differential rate | $2/hr | $2/hr |
| *shift differential pay* | *$80* | *$65.90* |
| Weekend Differential Pay | *$12.34* | *$12.34* |
| Extra Pay | *$379.50* | *$379.50* |
| **Non-OT regular pay** | **$1,373.84** | **$1,359.74** |

**Table D:**

| Comparison of Two Employees Who Work Shift Differential Hours at Different Ends of the Workweek (Lutz's methodology) | |
|---|---|
| **Employee A** | **Employee B (Lutz)** |
| • First 40 Hours Total Pay: **$1,373.84**<br><br>• Regular Rate = $32.02<br><br>• overtime bonus (**$506.72**) = (10.55 overtime hours) x $32.02 x 1.5<br><br>• **Total Compensation** = Total Remuneration *for Non-Overtime Hours* + Overtime Compensation + On Call Pay<br><br>• **$1,373.84 + $506.72 + $123 = $2,003.56**<br><br>• **Total compensation = $2,003.56** | • First 40 Hours Total Pay: **$1,359.74**<br><br>• Regular Rate = $32.02<br><br>• overtime bonus (**$506.72**) = (10.55 overtime hours) x $32.02 x 1.5<br><br>• **Total Compensation** = Total Remuneration *for Non-Overtime Hours* + Overtime Compensation + On Call Pay<br><br>• **$1,359.74 + $506.72 + $123 = $1,989.46**<br><br>• **Total compensation = $1,989.46** |